GREELEY *et al.* v. THE MISSOURI PACIFIC RAILWAY COMPANY *et al.*, *Appellants.*

In Banc, June 18, 1894.

1. **Appeal**: APPOINTMENT OF RECEIVER: FINAL JUDGMENT. Under the law of 1891, regulating appeals (Sess. Laws, Mo., 1891, p. 70), an appeal will not lie from an order appointing a receiver and directing the delivery to him of property in suit, pending litigation for an accounting in respect of said property. Such an order is not a final judgment within the meaning of the statute cited, but is interlocutory in character.

123   157
126   447
123   157
136   151
123   157
141   311
123   157
151   38
123   157
158   665
123   157
160   16

2. ——: ——: ——.  The Missouri decisions reviewed as to the necessary finality of orders or judgments to support an appeal.

3. ——: ——: ——.  The effect of an order appointing a receiver of railroad property, pending a suit in equity affecting it, discussed.

4. Statutes: AMENDMENTS: CONSTRUCTION.  In interpreting an amendment to the law, it is often useful to consider the prior state of the law on the subject to reach the intent of the change made.

*Appeal from Pettis Circuit Court.*—HON. RICHARD. FIELD, Judge.

APPEAL DISMISSED.

*H. S. Priest* for appellant.

The appeal was rightfully allowed.  *Morse v. Railroad*, Oct. term, 1877, of this court (unreported); *Iron Co. v. Meeker*, 109 U. S. 184; *Lewis. v. Campeau*, 14 Mich. 458; *Taylor v. Sweet*, 40 Mich. 739; *Stovat v. Banks*, 10 Wall. 583; *State v. Field*, 37 Mo. App. 83; *Neall v. Hill*, 16 Cal. 145.  The statutes plainly define what are final judgments and what are interlocutory orders.  Section 2208, R. S. 1889.  Section 2085 provides what a motion shall contain, and is as follows: "All motions shall be accompanied by a written specification of the reasons upon which they are founded; and no reason not specified shall be urged in support of the motion."  In this case no motion for the appointment of a receiver was filed.  A proper construction of section 2246, Session Acts, 1891, p. 70, would authorize an appeal.  *Nail Co. v. Flanders*, 12 Wall. 130; *Morris v. Cotton*, 8 Wall. 507; *Nelson v. Leland*, 22 How. 48.

*Sangree & Lamm* and *Jackson & Montgomery* for respondents.

(1) The right to appeal is wholly statutory, and if the appellants are entitled to appeal in this cause, the

right must be founded on some provisions of our statute authorizing it. *Macke v. Byrd*, 109 Mo. 487; *State v. Fowler*, 108 Mo. 469; *In Re Big Hollow Road*, 111 Mo. 329; *Aldridge v. Spear*, 101 Mo. 405; *Kendrick v. Cole*, 46 Mo. 86; *Snoddy v. Pettis County*, 45 Mo. 362. This cause does not fall within the provisions of our statute relating to appeals. (2) The judgment was not a final one, but merely an interlocutory decree and is not one from which an appeal will lie. Neither the appointment of a receiver, nor the refusal to discharge him before final decree involves the determination of any right between the parties. *Hull v. Caughey*, 60 Md. 104; Adams's Equity, p. 355, note 3. (3) A final judgment from which an appeal will lie under the statute, must be one disposing of the main case, so far as there is power in the trial court to decide the questions presented by the pleadings. Black on Judgments, sec. 21. See, also, as applicable to this case, the following: *Williams v. Feed*, 60 Am. Dec. 427; *Duforn v. Lange*, 54 Fed. Rep. 913; *Boswick v. Brinkenhoff*, 106 U. S. 3; *Grant v. Ins. Co.*, 106 U. S. 429; *Forgay v. Conrad*, 6 How. 204. (4) There is no finding as to the interest or right of plaintiff or defendant in the case at bar and nothing is fixed or determined as it should be, and will be, on the final hearing. *Railroad v. Varner*, 10 Ohio St. 622; *Railroad v. Sloan*, 31 Ohio St. 9; *Rolling Mill Co. v. Railroad*, 1 Pac. Rep. 274; *Hottenstein v. Conrad*, 5 Kan. 249; *Boyd v. Cook*, 20 Pac. Rep. 477; *Emeric v. Alvardo*, 65 Cal. 624; *Wood v. Brewer*, 9 Ind. 86; *Fuller v. Adams*, 21 Ind. 559; *Hull v. Caughey*, 6 Atl. Rep. 591; *Ellicott v. Ins. Co.*, 7 Gill. 320; Kerr on Receivers, p. 139; *Hastie v. Aiken*, 67 Ala. 313; *Thompson v. Brooks*, 76 Va. 160; *Miller v. Lehman*, 87 Ala. 519; *Coates v. Cunningham*, 80 Ill. 468; *Holden v. McMakin*, 1 Pars. Eq. Cases (Pa.), 287.

BARCLAY, J.—This is a suit in equity. The petition was filed by certain stockholders of the Sedalia, Warsaw & Southern Railway (which for brevity we shall call the Warsaw road) to secure an accounting and other relief.

The defendants are the Missouri Pacific Railway Company, the Warsaw road, and several of the directors of the latter, who are also directors or other officers of the Missouri Pacific Railway.

The general idea of 'the bill or petition is that the Warsaw road has been fraudulently managed in the interest of the Pacific railway by the directory of the former road, under the influence or control of the latter company, contrary to the constitution and laws of the state.

The petition is very long. It states a mass of facts supposed to support its general theory above indicated. It prays an accounting between the said companies, under a contract between them, alleged to have been violated by the defendant company in several particulars.

It also prays for the appointment of a receiver of the Warsaw road, pending the litigation. It further prays an injunction in regard to the voting of certain stock, and for general relief.

The Warsaw road, the Pacific railway and one of the other defendants filed separate answers to the plaintiffs' amended petition.

The cause was then set down for a hearing of the motion of plaintiffs for a receiver of the property involved in the controversy, pending the suit. That motion was fully heard, and considerable evidence given on behalf of each of the adversary parties.

After the submission of the motion it was kept under advisement until November 10, 1893, when the

trial court made an order appointing a receiver of the Warsaw road and of all its property affected by the litigation, giving a variety of directions, touching the management of the property, and requiring the Missouri Pacific Railway to deliver such of the property, as was in its possession, to the receiver so appointed.

The receiver qualified by giving bond and filing an affidavit to faithfully perform the trust, as required in the order of appointment.

The defendants moved to set aside the order appointing the receiver; and, upon the denial of that motion, preserved exceptions by a proper bill in due form.

All of the defendants came into court before the disposition of the motion last mentioned.

At this stage of the case the defendants prayed the trial court for an appeal, but it was denied. They then applied to one of the judges of the second division of this court, who thereupon made an order allowing defendants an appeal, with a supersedeas.

Plaintiffs have moved for a dismissal of that appeal on the ground that it was not, and is not, authorized by law. That is the question with which we have to deal.

The statute governing the subject is a recent one. It was passed in 1891, before the institution of this litigation. It is as follows:

"Any party to a suit aggrieved by any judgment of any circuit court, in any civil cause from which an appeal is not prohibited by the constitution, may take his appeal to the court having appellate jurisdiction from any order granting a new trial, or in arrest of judgment, or dissolving an injunction, or from any interlocutory judgment in actions of partition which determine the rights of the parties, or from any final

judgment in the case, or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case." Laws, 1891, p. 70, approved, April 18, 1891.

Prior to the enactment of the section above quoted, the general law had for many years permitted an appeal to the proper court from "any final judgment or decision of any circuit court in any civil cause." R. S. 1889, sec. 2246; R. S. 1879, sec. 3710; Gen. Stats. 1865, p. 684, sec. 9; R. S. 1855, p. 1287, sec. 9; R. S. 1845, p. 831, sec. 11; R. S. 1835, p. 470, sec. 7; Geyer's Digest (1818), p. 261, sec. 54.

The course of decisions in Missouri, construing the provision of law just mentioned, indicates very plainly that the words "final judgment or decision" were never given any such elasticity of meaning as is now contended for by defendants.

Thus it was held that the following orders or rulings were not appealable, because interlocutory in nature, namely: dissolving an injunction (*Tanner v. Irwin* (1821), 1 Mo. 66; *Johnson v. Board* (1877), 65 Mo. 47), or refusing to grant one (*Harrison v. Rush* (1851), 15 Mo. 175); findings defining the interests of the parties in partition and directing a partition in kind (*Gudgell v. Mead* (1843), 8 Mo. 54), or a sale of the property (*Parkinson v. Caplinger* (1877), 65 Mo. 290); decisions upon pleas in abatement in attachment (*Jones v. Snodgrass* (1874), 54 Mo. 597); and orders approving the report of commissioners assigning dower (*Rannels v. Washington University* (1888), 96 Mo. 226).

Many similar rulings could be cited, were it needful.

Some of the orders above mentioned adjudicate

upon the substantial rights of the parties, but they have been regarded and held, nevertheless, as interlocutory, and therefore not the proper subjects for appeal.

We mention these earlier precedents because, in getting at the true interpretation of an enactment, it is often most useful, as we conceive it to be in this case, to consider the prior state of the law on the subject to which any amendment of it relates.

The change made in 1891 was obviously intended to enlarge the opportunities for appeal; and especially to permit a review of several classes of orders which the courts had held to be not final in nature, and hence not appealable.

These classes of orders are specified with considerable particularity in the act of 1891. Without repeating them, it is enough to say that orders appointing receivers are not mentioned among them. If such an order is not a final judgment, it can not find a standing place within the statute defining the grounds for appeal.

In *Forgay v. Conrad* (1848), 6 How. 204, it was declared that an order directing property to be delivered to a receiver of the court was interlocutory only, and was intended to preserve the subject-matter of the suit from waste, and to keep it within the control of the court until the rights of the parties concerned could be adjudicated by a final decree.

The efficacy of legal procedure demands, in some cases, the application of peculiar remedies which experience has taught to be necessary to meet the ends of justice. Thus, seizure of property by attachment at the inception of an action is permissible, in certain circumstances, just as seizure of the person of the defendant is authorized in criminal cases upon appropriate process.

Such seizures of person or property undoubtedly have a direct and important effect on the rights of the parties defendant, before any review of the justice or propriety of the orders permitting them is possible. But the practical administration of law requires that the power to make them must of necessity be confided to the courts of first instance in order to render the exercise of their jurisdiction finally effectual.

The appointment of a receiver is nothing more than a means by which a court of equity takes possession of property when the facts appear to make that step necessary to the administration of justice in the particular case.

Such an appointment does not adjudge the title to the property. Its purpose is the preservation of the subject-matter of the litigation so that the decree of the court, when ultimately reached, may have something to operate upon. As such, it is essentially interlocutory in character. Adams' Equity [8 Am. Ed. 1890], *pp. 348 and 354.

It does not determine the rights of the parties to the property which the court takes into its custody. It does not infringe even upon the right to possession of it, further than experience has demonstrated to be necessary to the due and efficient course of justice.

That an order appointing a receiver of property, which forms the subject of a suit in equity, is merely ancillary or interlocutory, in a case such as that before the court, is a proposition held by a great number of cases in other jurisdictions, of which many have been cited by counsel. To them we would add, *Rolling Mill Co. v. Railroad* (1883), 31 Kansas 90 (approved later by the whole court in *Boyd v. Cook* (1889), 40 Kansas 675).

Counsel for defendants have attempted to give special importance to that part of the order establishing

the receivership, which, in substance, sequesters the net earnings of the Warsaw road from the date of the institution of the suit, and directs them to be placed in the custody of the court, namely, in the care of the receiver. But under the decision in *George v. Craig* (1840), 6 Mo. 648, that order is merely incidental to the main suit, and is not a final judgment.

In many states rulings on this subject are affected by statutes regulating the right of appeal in a different manner from that prevailing in Missouri.

The obvious drift of our home decisions we consider to be that the appointment of a receiver, is not a final judgment within the meaning of our law; and as it is, furthermore, not among the enumerated cases in which appeals will lie to interlocutory orders by the terms of the law of 1891, it follows that the present appeal can not stand. The motion to dismiss it is sustained. BLACK, C. J., and BRACE, GANTT, MACFARLANE and BURGESS, JJ., concur. SHERWOOD, J., not sitting.