

# In the Missouri Court of Appeals
# Eastern District
## DIVISON FOUR

| | | |
|---|---|---|
| REGIONS BANK, | ) | No. ED101121 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ALVERNE ASSOCIATES, LLC and | ) | |
| RENE GREGG, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| | ) | |
| Defendants, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| SAMUEL BERGER, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | Honorable Robert S. Cohen |
| and | ) | |
| | ) | |
| RBRE LOAN PORTFOLIO, LLC, | ) | |
| | ) | |
| Respondent. | ) | Filed: December 9, 2014 |

### *Introduction*

Samuel Berger appeals a judgment of the Circuit Court of St. Louis County granting RBRE Loan Portfolio's application for a charging order. Berger claims the trial court erred in failing to: (1) provide him at least five days' notice and conduct a hearing before granting RBRE's application for a charging order; and (2) require RBRE to establish the amount of the

outstanding judgment and Berger's membership interest in the limited liability companies sought to be charged. We reverse and remand.

## *Factual and Procedural Background*

In 2008, Alverne Associates, LLC obtained a loan from Regions Bank and executed two promissory notes evidencing loans in the original principal amounts of $911,483.24 and $714,250.00. Berger signed the promissory notes on behalf of Alverne Associates as "Samuel Berger, Managing Member of ALVERNE ASSOCIATES, LLC," and he executed a commercial guaranty to individually and personally secure the notes.[1] Alverne Associates additionally secured the notes by deeds of trust on real estate that it owned in the City of St. Louis.

Alverne Associates failed to make the required payments on the promissory notes, and Regions Bank filed an action against Alverne Associates and Berger for breaches of contract and commercial guaranty. On August 31, 2011, the trial court entered summary judgment in favor of Regions Bank in the amount of $1,775,618.67. The judgment assessed costs against Alverne Associates and Berger and provided that "[p]ost judgment interest continues to accrue at the highest lawful rate." Regions Bank subsequently assigned the promissory notes and deeds of trust to RBRE, and the trial court granted RBRE's motion for substitution as party plaintiff.

On November 6, 2013, RBRE filed its "Verified Application for Charging Order" (Application) pursuant to Section 347.119.[2] In the notarized application, RBRE alleged that the trial court entered judgment against Berger and Alverne Associates in the amount of $1,775,618.67 and the judgment remained unsatisfied in the amount of $820,489.58. RBRE requested the court "issue a Charging Order requiring any limited liability company in which

---

[1] Rene Gregg also executed a commercial guaranty in relation to the loans. Regions Bank filed the underlying cause of action against Alverne Associates, Berger, and Gregg, but later dismissed Gregg from the lawsuit.

[2] All statutory citations are to RSMo 2000 as supplemented unless otherwise indicated.

Samuel B. Berger has an interest to pay Plaintiff amounts up to the unsatisfied amount of the above judgment with interest from Samuel B. Berger's interest in said limited liability company . . . ." At the bottom of the Application appeared the signature: "Mante Dzakuma, RBRE Loan Portfolio, LLC." RBRE attached two charts ("Exhibit B")[3] reflecting the alleged outstanding balances on each promissory note and calculations of compound interest "at 9% per annum."

On the same date, counsel for RBRE filed a notice of hearing set for November 8, 2013 and a "Motion to Shorten Time," requesting the trial court "[s]horten time and notice requirements for hearing on its Application for Charging Order . . . ." In support of its motion to shorten time, RBRE alleged: (1) the judgment against Berger and Alverne Associates remained unsatisfied in the amount of $820,489.58; and (2) RBRE "has recently been apprised of judgment creditor, Samuel B. Berger's, interest in limited liability companies to which it as judgment creditor may obtain a charging order from this Court . . . ." RBRE requested that the trial court "grant its Motion to Shorten the notice and time requirements regarding hearing on its Application for Charging Order and allow hearing to proceed on Friday, November 8, 2013." RBRE generally alleged that the reason for its request was "the amount of the outstanding judgment" and averred that "no party will be prejudiced by" and "the interests of justice will be served by this Court shortening the notice and time requirements for hearing" on the Application.

Berger filed objections to RBRE's motion to shorten time, asserting that Rule 44.01(d) requires that parties serve motions and notices of hearings five days prior to the scheduled hearing. Berger contended that the grounds RBRE asserted for shortening the time for notice of the hearing – namely, "the amount of the outstanding judgment" – did not justify shortening the notice to two days and that less than five days' notice would prejudice him. Berger also filed

---

[3] The record on appeal contains an "Exhibit B" that was filed with the Application, but not an "Exhibit A."

3

objections to the Application alleging, among other things, that the Application: incorrectly calculated the outstanding balance on the judgment; improperly calculated post-judgment interest on a compounding basis; failed to identify the LLC to be charged or Berger's membership interest in that LLC; and requested relief in excess of that authorized by Section 347.119.

On November 8, 2013, counsel for both RBRE and Berger appeared before the trial court. Without ruling on the motion to shorten time, the trial court granted RBRE's Application and entered a charging order. The order, in its entirety, stated:

> Cause called on Plaintiff, RBRE Loan Portfolio, LLC's Application for Charging Order. The Court being duly advised hereby grants Plaintiff's application for Charging Order and assesses a charging order pursuant to R.S.Mo. § 347.119 against Defendant, Samuel B. Berger's membership interests in TMF Holdings, LLC, 816 Geyer, LLC and Maccabee Investments, LLC. TMF Holdings, LLC, 816 Geyer, LLC and Maccabee Investments, LLC are hereby ordered to pay all disbursements, draws and other monies otherwise owed to Samuel B. Berger to RBRE Loan Portfolio, LLC up to the unsatisfied amount of the outstanding judgment in the above matter with interest.

The record does not reflect whether Berger sought to present either evidence or an offer of proof at the November 8, 2013 appearance.

Berger filed a motion to reconsider denial of his objections to the Application and motion to shorten time.[4] In his motion, Berger argued that the trial court erred in: (1) failing to require sufficient notice prior to a hearing; (2) refusing to conduct a hearing and allow Berger to present evidence; and (3) entering a charging order "based upon a purported verification that was inaccurate" and which "failed to disclose the amount of the unsatisfied judgment." RBRE filed a response to Berger's motion to reconsider arguing that: (1) Section 347.119 does not require notice or an evidentiary hearing; (2) the trial court did not abuse its discretion in shortening notice and allowing the Application to proceed; and (3) the statutory post-judgment interest rate

---

[4] Berger also filed with the Court of Appeals a petition for writs of mandamus and prohibition, which we denied by order dated November 20, 2013.

4

of 9% per annum applied to the outstanding judgment.[5]  The trial court denied the motion to reconsider on February 7, 2014.  Berger appeals the trial court's grant of the Application and subsequent entry of the November 8, 2013 charging order.

### Standard of Review

Our review of a court-tried case is governed by the principles set forth by the Missouri Supreme Court in Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).  This court will affirm the trial court's entry of a charging order unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law.  Deutsch v. Wolff, 7 S.W.3d 460, 462 (Mo.App.E.D. 1999) (citing Murphy v. Carron, 536 S.W.2d 30 (Mo. banc 1976)).

### Discussion

In his first point, Berger claims the trial court erred in failing to require five days' notice prior to a hearing and conduct an evidentiary hearing on RBRE's Application.  In his second point, Berger asserts that the trial court erred in entering the charging order because it "fail[ed] to require RBRE to meet its burden and demonstrate entitlement to a charging order" under Section 347.119.  Because the record contains insufficient evidence to support the charging order, we need not resolve the question of whether entry of a charging order requires five days' notice and a hearing.[6]

---

[5] RBRE attached the following documents to its response: printouts from the website of the Missouri Secretary of State listing Berger as the registered agent for Maccabee Investments, LLC, 816 Geyer, LLC, and TMF Holdings, LLC; Articles of Organization of Maccabee Investments, LLC and TMF Holdings, LLC; and Certificates of Organization of Maccabee Investments, LLC and TMF Holdings, LLC.

[6] Although Section 347.119 has been in effect since 1993, no Missouri court has analyzed or even cited this statute.  We note, however, that our courts may find guidance in cases applying Section 358.280.1, which predates Section 347.119 and allows a judgment creditor of an individual partner to charge that partner's partnership interest with payment of the unsatisfied

5

A charging order is a post-judgment remedy that allows the judgment creditor of an individual debtor-member of a limited liability company (or a partnership) to enforce a judgment by charging the individual member's distributional interest with the unsatisfied amount of a judgment. See Mo. Rev. Stat. § 347.119; see also Wills v. Wills, 750 S.W.2d 567, 574 (Mo.App.E.D. 1988) (applying Section 358.280, which governs charging orders against individual debtor-partners). Section 347.119 provides, in pertinent part: "On application to a court of competent jurisdiction by any judgment creditor of a member, the court may charge the member's interest in the limited liability company with payment of the unsatisfied amount of the judgment with interest." Mo. Rev. Stat. § 347.119. In other words, the charging order "requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor."[7] 51 Am. Jur. 2d Limited Liability Companies § 23.

---

amount of the judgment with interest. Mo. Rev. Stat. § 358.280.1; see also 359.421. In Feinberg v. Feinberg, the trial court conducted an evidentiary hearing on the judgment creditor's application for a charging order. 924 S.W.2d 328, 330 (Mo.App.E.D. 1996). Likewise, in Gates Rubber Co. v. Williford, the trial court "called upon" the individual debtor-partner and his partners to answer the judgment creditor's application for a charging order and "show cause why [a charging] order should not be issued." 530 S.W.2d 11, 13 (Mo.App. 1975). The trial court held an evidentiary hearing prior to entering the charging order and, on appeal, the appellate court stated that "this proceeding was an adversary one . . . ." Id. at 14; see also Phillips v. Phillips, 155 Colo. 538, 542 (Colo. 1964) ("The 'due application' referred to in the [partnership charging order] statute necessarily means an application made to the court upon adequate notice to the persons whose rights might be adversely affected by the granting of the relief sought.").

[7] However, judgment creditors who obtain charging orders under Section 347.119 have "only the rights of an assignee of the member's interest." Mo. Rev. Stat. § 347.119. "The rights of an assignee include[] only the right to future distributions without the right to participate in management." Carter G. Bishop, Desiderata: The Single Member Limited Liability Company Olmstead Charging Order Statutory Lacuna, 16 Stan. J.L. Bus. & Fin. 222, 232 (2011); see also Mo. Rev. Stat. § 347.115.1 ("An assignment of an interest does not entitle the assignee to participate in the management of the business and affairs of the limited liability company or to become or to exercise the rights of a member . . . .").

6

To obtain a charging order, the judgment creditor must file an "application to a court of competent jurisdiction." Mo. Rev. Stat. § 347.119. Pursuant to Rule 55.26, "[a]n application to the court for an order shall be by motion which . . . shall be in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Rule 55.26; see also Mo. Rev. Stat. § 509.280. A motion is not self-proving, and the movant has the burden of proving the allegations contained therein. Keith v. Burlington N. R. Co., 889 S.W.2d 911, 925 (Mo.App.S.D. 1994). When an after-trial motion is based on facts not appearing in the record, a movant may submit proof of facts in the form of affidavits, depositions, and oral testimony. Rule 78.05; Powell v. State Farm Mut. Aut. Ins. Co., 173 S.W.3d 685, 689 (Mo.App.W.D. 2005). However, "exhibits attached to motions filed with the trial court are not evidence and are not self-proving." Ryan v. Raytown Dodge Co., 296 S.W.3d 471, 473 (Mo.App.W.D. 2009) (quoting Powell, 173 S.W.3d at 689).

Based on the record before us, it appears that the trial court entered the charging order based solely on the allegations contained in the Application.[8] RBRE's two-page Application, entitled "Verified Application for Charging Order," alleged the following: (1) on August 31, 2011, the trial court entered judgment in favor of RBRE and against Berger and Alverne Associates in the amount of $1,775,618.67; (2) the judgment remained unsatisfied in the amount of $820,489.58 "[i]n addition to attorney's fees, court costs, expenses, and other contractually authorized amounts"; and (3) RBRE sought a charging order "against [Berger's] interest in any

---

[8] RBRE attached no affidavits to the Application, and the trial court did not hold an evidentiary hearing. While counsel appeared before the trial court prior to its entry of the charging order, "argument of counsel does not qualify as sworn and competent testimony and does not replace movant's burden of proof requirement to produce competent and sworn testimony or evidence." Agnello v. Walker, 306 S.W.3d 666, 675 (Mo.App.W.D. 2010); see also Ryan, 296 S.W.3d at 473 ("[A]n appellate court cannot accept counsels' statements as a substitute for record proof even if there is no reason to doubt their accuracy.").

7

limited liability companies in which [he] has an interest against which [RBRE] as judgment creditor can execute for purposes of satisfying said judgment." Mante Dzakuma signed the Application, "Mante Dzakuma, RBRE Loan Portfolio, LLC," and a notary public attested that Mr. Dzakuma appeared before him and signed the Application.

The relief that RBRE sought in the Application required resolution of factual matters not appearing in the record – most importantly, the amount of the outstanding judgment and interest Berger owed RBRE. See Powell, 173 S.W.3d at 689. Because the contents of the Application constituted the sole "evidence" supporting RBRE's request for a charging order, the Application must be properly verified. See Hinton v. Proctor & Schwartz, Inc., 99 S.W.3d 454, 458 (Mo.App.E.D. 2003). A verified pleading "sets forth evidentiary facts with the personal knowledge of the verifying signatory [and] is in substance an affidavit and is accorded the same probative force as [an] affidavit."[9] 3 Am. Jur. 2d Affidavits § 8 (2014). "In the absence of an allegation of personal knowledge, the contents of an affidavit become inadmissible hearsay." Hinton, 99 S.W.3d at 459.

Although the Application purported to be "verified," it failed to allege that the facts it contained were asserted on the personal knowledge of the signatory, Mr. Dzakuma. See, e.g., Morley v. Ward, 726 S.W.2d 799, 802 (Mo.App.E.D. 1987). Mr. Dzakuma apparently filed the application on behalf of RBRE. However, Mr. Dzakuma neither declared that he had personal knowledge of the facts pleaded in the Application nor identified the source of the information he used to calculate the amount of the outstanding judgment. Nor can this court infer from the contents of the Application that Mr. Dzakuma's allegations were based on his personal

---

[9] "'Personal knowledge,' as requisite basis for affidavits, means something the witness actually saw or heard as distinguished from what he or she learned from some other person or source. . . . The affidavit must in some way show that the affiant is personally familiar with the facts so that he or she could personally testify as a witness." 3 Am. Jur. 2d Affidavits § 14.

knowledge because he did not define his relationship to RBRE or even provide a job title. See, e.g., May & May Trucking, L.L.C. v. Progressive Nw. Ins. Co., 429 S.W.3d 511, 515 (Mo.App.W.D. 2014); Standard of Beaverdale, Inc. v. Hemphill, 746 S.W.2d 662, 663 (Mo.App.E.D. 1988); cf. Midwest Precision Casting Co. v. Microdyne, Inc., 965 S.W.2d 393, 396 (Mo.App.E.D. 1998) (holding that the averment that affiant was an owner and employee of the plaintiff did not satisfy the requirement that the affidavit be made on personal knowledge). Because the Application was not properly verified, we cannot consider it proof of the facts alleged. See, e.g., Morley, 726 S.W.2d at 802.

Likewise, Exhibit B, which RBRE attached to the Application, is insufficient support for the charging order. Exhibit B consisted of two charts, presumably generated by RBRE, stating: the amount of the outstanding judgment on each promissory note, the monthly compound "interest at 9% per annum," the "total outstanding" amounts of each promissory note, and the "Grand Total of Deficiency (as of 11/1/13)" of $820.489.58. Exhibit B was not in the form of an affidavit, was never offered and admitted into evidence, and was not stipulated to but instead was challenged by Berger. "Exhibits attached to motions filed with the trial court are not evidence and are not self-proving."[10] Powell, 173 S.W.3d at 689; see also Ryan, 296 S.W.3d at 473. In short, our review of the record reveals nothing – e.g., verified applications, affidavits, or testimony – from which the trial court could find sufficient facts to determine with any degree of

---

[10] Furthermore, in light of our conclusion that RBRE did not present proof upon which the trial court could ascertain the amount of the outstanding judgment, we find that the charging order itself was too indefinite to be valid and enforceable. See Am. W. Bonding Co. v. United Sur. Agents, Inc., 134 S.W.3d 700, 704 (Mo.App.S.D. 2004). For a money judgment to be enforceable when it does not state on its face the amount for which it was rendered, that sum must be ascertainable from the record. Id.; see also 1010 St. Charles Unit 1002 LLC v. Kemper Investors Life Ins. Co., 408 S.W.3d 253, 256 n.2 (Mo.App.E.D. 2013).

certainty the amount of the outstanding judgment.  See, e.g., Deutsch, 7 S.W.3d at 462 (stating that the entry of a charging order requires "substantial evidence to support it . . . .").

At oral argument, counsel for RBRE suggested that a charging order is "most analogous" to an execution under Rule 76.01 and, therefore, does not require proof of the amount of the unsatisfied judgment sought by the judgment creditor.  In its brief, RBRE asserts that Rule 76.06(e) "offers the best guidance" and "[i]t is telling that 76.06(e) is included within Rule 76: Execution."

Rule 76.01 provides:  "An execution may be issued on application signed by the party or his attorney and stating the address of the person making the application."  Unlike an application for a charging order, which, under Section 347.119 must be presented "to a court of competent jurisdiction," a judgment creditor submits an application for execution to the clerk of the court.[11] Mo. Rev. Stat. § 513.025.  In other words, "it is not a prerequisite to an execution that an express order of the court be made for its issuance[,]" and "execution shall automatically issue upon the judgment creditor's application for execution under Rule 76.01."  Fielder v. Fielder, 671 S.W.2d 408, 410–11 (Mo.App.E.D. 1984).

RBRE contends that this court should apply Rule 76 to charging orders issued pursuant to Section 347.119 because Rule 76.06(e) states that "[a] levy upon an interest in a partner-ship [sic] shall be made as provided in Section 358.280, RSMo."  RBRE implies that, because Rule 76.06(e) refers to the partnership charging order statute, the rules relating to execution apply to charging orders.  Contrary to RBRE's reading of the rule, the fact that Rule 76.06(e) refers back to Section 358.280 confirms that the statute (and not Rule 76.01) governs the method by which a judgment creditor may reach a partner's financial interest in the partnership.  See Gose, J.

_____

[11] We also note that the Circuit Court of St. Louis County provides judgment creditors a pre-printed "Execution/Garnishment/Sequestration Application and Order" form.

Gordon, "The Charging Order Under the Uniform Partnership Act," 28 Wash. L. Rev. 1, 18 (1953) ("The charging order statute appears to occupy fully the field of satisfaction of the claims of judgment creditors against a partner's interest . . . .").

Furthermore, this court held in Wills v. Wills that the "'charging' procedure is the exclusive remedy for a partner's individual creditor" and the "charging order on partnership interests has replaced levies of execution as a remedy for reaching such interests." 750 S.W.2d 567, 574 (Mo.App.E.D. 1988). This is because the purpose of the charging order is to "prohibit[] any attachment or execution of specific partnership property by a judgment creditor of an individual debtor-partner." Id. The charging order procedure therefore "protects the interests of the nondebtor partners by giving the judge wide latitude to control the creditor's actions against the partnership." Christensen v. Oedekoven, 888 P.2d 228, 232 (Wyo. 1995); see also Keeler v. Acad. of Am. Franciscan History, Inc., 943 A.2d 630, 633 (Md. Ct. Spec. App. 2008) ("The purpose of the charging order is 'to protect the partnership business and prevent the disruption that would result if creditors of a partner executed directly on partnership assets.'"); Hellman v. Anderson, 233 Cal. App. 3d 840, 849 (Cal. Ct. App. 1991) ("The charging order procedure has replaced levies of execution as the remedy for reaching partnership interests."). Based on the charging order's purpose and the statutory requirement of judicial oversight, we decline to extend the rules governing executions to charging orders issued pursuant to Rule 347.119.

### *Conclusion*

Because the record contains insufficient evidence to support the charging order, we reverse and remand.

_Patricia L. Cohen_

---

Patricia L. Cohen, Presiding Judge

Roy L. Richter, J., and
Robert M. Clayton III, J., concur.