**ST. LOUIS BANK f/b/o Gaol Holdings, LLC, Respondent,**

v.

**Michael E. KOHN, et al., Appellants.**

**No. ED 104238**

Missouri Court of Appeals,
Eastern District,
Division Two.

FILED: May 2, 2017

Vincent D. Vogler Jr., Karl Walter Dickhaus, St. Louis, MO, for Appellants.

Leonard Komen, Chesterfield, MO, for Respondent.

ROY L. RICHTER, Judge

Michael E. Kohn and Catherine K. Kohn (collectively, "the Kohns") appeal from the trial court's judgment granting a charging order and receiver requested by Gaol Holdings, LLC ("Gaol"), which was assigned an interest in an $80,877.07 judg-

ment taken by default against the Kohns by St. Louis Bank in 2009. We reverse and remand.

## I. Background

On June 24, 2009, St. Louis Bank took a default judgment for $80,877.07 against the Kohns, jointly and severally, which became a final judgment on July 24, 2009 (hereinafter, "Judgment"). The Judgment was silent as to post-judgment interest. St. Louis Bank assigned its interest in the Judgment to Gaol Holdings, LLC ("Respondent") on February 18, 2015. Respondent filed the assignment of Judgment with the Circuit Court of St. Louis County on March 18, 2015. In an effort to collect on the Judgment, Respondent filed its "Verified Motion for Charging Order as to Defendants, [the Kohns]" (hereinafter "Motion for Charging Order") on June 30, 2015.[1] The Motion for Charging Order was verified by counsel for Respondent, Leonard Komen ("Respondent's Counsel"), and was based upon, among other things, a calculation of interest at 9 percent, calculated on a monthly basis to $44,421.73, and a statement of probable interest of the Kohns in a number of entities, gleaned from either "pretrial discovery in this case, or discovery in other cases in which Michael Kohn or Catherine Kohn is a litigant, or by means of review of documents pertaining to the respective limited liability partnerships which discloses the Defendants' interest." Respondent's Counsel did not express a basis on which he had personal knowledge of any interest of the Kohns in any of the entities sought to be charged.[2]

---

1. The Kohns allege the Motion for Charging Order was not sent to the Kohns, but was instead sent via facsimile to attorney Vincent Vogler. However, the record is unclear as to this fact.

2. The verified motion stated:

The probable interest of [the Kohns], jointly or severally, in each of the following limited liability partnerships was disclosed either during the course of pretrial discovery in this case, or discovery in other cases in which [the Kohns] is a litigant, or by means of review of documents pertaining to the

Respondent's Counsel further stated only in his Motion for Charging Order that he has personal knowledge of the facts set forth and is the custodian of records for Respondent and the records of the plaintiff in the action in connection with the Judgment in this case. Personally maintaining the records of the company for the purposes of collection of the Judgment in this matter, Respondent's Counsel stated in the Motion for Charging Order that no payments had been received subsequent to June 24, 2009. Although Respondent's Counsel calculated interest based upon the principal amount of the judgment multiplied by 9 percent per year, and pro-rated therefrom to equal $44,421.73, Respondent's Counsel did not indicate his personal knowledge of an agreed upon interest rate or any other evidence as to how the rate of 9 percent was determined.

The Motion for Charging Order stated that it was brought pursuant to Section 358.280 RSMo. 2000 [3] (a provision of Missouri's Uniform Partnership Act) and Section 347.119, RSMo. (a provision of Missouri's Limited Liability Company Act). One of the entities listed as the Kohns' probable interest, Jilila, however, is a Missouri limited partnership and governed by Chapter 359, RSMo., the Missouri Limited Partnership Act.

On July 24, 2015, the trial court granted Respondent's Motion for Charging Order.[4] The trial court's Charging Order stated that Respondent's motion was granted in part pursuant to Section 358.280 as follows:

> respective limited liability partnerships which discloses the [Kohns'] interest:
> Brentmoor 1, LP;
> Funny Bone Holdings, LP:
> The Kohn Partnership, LLP;
> Jilila III, LP;
> Brentmoor Capital Partners, L.P.;

**3.** All further statutory references are to RSMo 2000, unless otherwise indicated.

1. The Court finds that Judgment was entered in this case June 24, 2009[,] in favor of [Respondent] and against [the Kohns], in the total amount of $80,877.07, that no payments have been made on that Judgment, that the total due as of July 8, 2015, with accrued interest is $124,849.82, that execution was issued on that judgment and returned unsatisfied, that the Judgment was duly assigned to [Respondent], and that [Respondent], as substitute Plaintiff, is entitled to a Charging Order as to the interest of Defendants, [the Kohns], jointly or severally, in certain liability companies, limited partnerships, and limited liability partnerships.

2. It is ORDERED, ADJUDGED AND DECREED that the interests of [the Kohns], jointly and severally, in the following listed limited liability companies are charged with payment of the unsatisfied amount of the judgment with interest, being $124,849.82 and each of the following listed entities is directed to pay to [Respondent], for the [Kohns], jointly or severally, all present and future distributions, credits, draws, or payments arising from the membership interest of [the Kohns], jointly or severally, in these entities until the Judgment is satisfied in full, the listed limited liability companies, limited partnerships and limited lia-

**4.** Again, the Kohns allege the motion was granted without notice to the parties or the entities to be charged, and without a hearing. The partnerships themselves were not parties to the litigation or otherwise before the trial court.

bility partnerships against which this Order is directed being:

Brentmoor 1, LP

Funny Bone Holdings, LP

The Kohn Partnership, LLP

Jilila III, LP

Brentmoor Capital Partners, L.P.

Applied Innovative Monetary Solutions, L.L.C.

Brentmoor Capital Group, LLC

The trial court continued for a hearing Respondent's motion for the appointment of a receiver until August 7, 2015.

On July 13, 2015, the Kohns' counsel entered his appearance for Jilila for the limited purpose of quashing a deposition subpoena duces tecum directed to Douglass and Sabrina Holtzman (hereinafter collectively referred to as the "Holtzmans"). After entering on a matter unrelated to Respondent's Motion for Charging Order, counsel for Jilila received, via the court's electronic filing system, the signed Charging Order entered on July 24, 2016. Jilila had no notice prior to this that its interests were subject to any action by the trial court, or that there was a request pending to have a receiver appointed over any interest in Jilila.

On August 5, 2015, the court denied Jilila's Motion to Quash the deposition subpoena directed to the Holtzmans. On August 7, 2015, the court held its hearing on Respondent's request for the appointment of a receiver. Both Jilila and Funny Bone Holdings, LLC, a Missouri limited liability company duly formed and in good standing with the Missouri Secretary of State (hereinafter "Funny Bone") appeared through counsel and argued against the appointment of a receiver under the Charging Order, asserting that the Judgment debtors had no interest in the entities charged and that the appointment of a receiver was not warranted. Respondent's Counsel,

however, argued that the matter of the interests of the debtors in the charged entities was established by virtue of the entry of the Charging Order on July 24, 2015, and that the entities to be charged were estopped from re-litigating those issues. Respondent further argued that a receiver was appropriate under Section 358.280, RSMo., and restated that this statute was the basis for the appointment. Respondent's Counsel also admitted that the Charging Order was obtained without notice and claimed that similar to a garnishment, no notice was required.

At the hearing, the trial court granted Respondent's Counsel seven days to draft and file its proposed order, due August 14, 2015, and granted counsel for Jilila and Funny Bone seven days after Respondent's submission in which to file their response. Prior to the deadline for filing Respondent's proposed order, Respondent's Counsel contacted counsel for Jilila and requested until Monday, August 17, 2017, in which to file their proposed order. Jilila consented and, in return, Jilila could file its proposed order seven days later, on August 24, 2015. On August 24, 2015, prior to the submission of Jilila's proposed order, the trial court granted Respondent's application for the appointment of a receiver pursuant to the July 24, 2015 Charging Order, but did not denominate that Order a "judgment" pursuant to Rule 75.01(a). The Kohns timely filed their Notice of Appeal, which was dismissed by this Court pursuant to Rule 75.01(a), and the matter was returned to the trial court for denomination of the Order as a judgment.

On March 30, 2016, the trial court reissued the Order Appointing Receiver, denominating it an Order and Judgment Appointing Receiver, in compliance with the requirements of Rule 75.01(a). This appeal timely followed.

## II. Discussion

As a preliminary matter, this Court issued an order directing the Kohns to file a memorandum addressing whether the Judgment in question is appealable under Section 512.020, and in particular, Section 512.020(2), which allows an interlocutory appeal from an order "refusing to revoke, modify, or change an interlocutory order appointing a receiver ...." The Kohns assert the Judgment in question is appealable under Section 512.020(5), which allows an appeal from a special order after final judgment, arguing that the statute only applies to interlocutory orders prior to final judgment. The Kohns contend this judgment is not an interlocutory order, but instead, there was a final judgment and this current litigation involves a post-judgment receivership process. They argue the statutory basis for the appeal is Section 512.020(5) because the order appealed from constitutes "any special order after final judgment in the cause" rather than an interlocutory order pending resolution of the matter pending before the trial court.

■ "The right to appeal is purely statutory and, where a statute does not give a right to appeal, no right exists." State ex rel. Coca-Cola Co. v. Nixon, 249 S.W.3d 855, 859 (Mo. banc 2008) (quoting Riverside—Quindaro Bend Levee Dist. v. Intercont'l Eng'g Mfg., 121 S.W.3d 531, 532 (Mo. banc 2003), and citing Rule 81.01). An order appointing a receiver, and directing the delivery to him of property in suit, pending litigation for an accounting with respect to that property, was held not appealable, in the absence of a statute authorizing such an appeal, in Greeley v. Missouri P. R. Co., 123 Mo. 157, 27 S.W. 613, 615 (1894). The Greeley court stated:

The appointment of a receiver is nothing more than a means by which a court of equity takes possession of property when the facts appear to make that step necessary to the administration of justice in the particular case. Such an appointment does not adjudge the title to the property. Its purpose is the preservation of the subject-matter of the litigation, so that the decree of the court, when ultimately reached, may have something to operate upon. As such, it is essentially interlocutory in character. Adams, Eq. (8th Am. Ed. 1890) pp. 348, 354. It does not determine the right of the parties to the property which the court takes into its custody. It does not infringe even upon the right to possession of it further than experience has demonstrated to be necessary to the due and efficient course of justice.

Id.

However, distinguished from the Greeley case where a receiver was appointed in pending litigation, a court may appoint a receiver, as it did here, pursuant to a charging order in a post-judgment collection action. Deutsch v. Wolff, 7 S.W.3d 460 (Mo. App. 1999). In Wills v. Wills, 750 S.W.2d 567, 574 ( Mo. App. E.D. 1988), the court appointed a receiver over a partnership interest and, when challenged on appeal, this Court held that a prerequisite to permitting a receiver to sell partnership interests pursuant to a charging order was a validly obtained charging order; the Court remanded the case for that purpose. Procedurally similar, the trial court's action here was an effort to enforce the final Judgment, a default judgment. The appointment of a receiver was to further carry out the charging order, and presented the first notice to the Kohns of the trial court's actions.

■ Section 512.020 permits appeal from certain interlocutory orders prior to the resolution of the case: (1) Order granting a new trial; (2) Order refusing to revoke, modify, or change an interlocutory

order appointing a receiver or receivers, or dissolving an injunction; (3) Order granting or denying class action certification provided that (a) the court of appeals, in its discretion, permits such an appeal; and (b) an appeal of such an order shall not stay proceedings in the court unless the judge or the court of appeals so orders; (4) Interlocutory judgments in actions of partition which determine the rights of the parties; or (5) Final judgment in the case or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case. Section 512.020(1)–(5). The Kohns argue the charging order and receivership here were "special orders" after judgment, pursuant to Section 512.020(5). We agree. The noun phrase, "any special order after final judgment in the cause," refers to "the orders in special proceedings attacking or aiding the enforcement of the judgment after it has become final in the action in which it was rendered." Wehrs v. Sullivan, 187 S.W. 825, 826–27 (Mo. 1916); Helton Const. Co., Inc. v. High Point Shopping Ctr., Inc., 838 S.W.2d 87, 91 (Mo. App. S.D. 1992). Examples of "any special order after final judgment" include an order overruling a motion to quash an execution, Gale v. Michie, 47 Mo. 326, 327 (1871), Anderson v. Anderson, 404 S.W.2d 206, 207 (Mo. App. 1966), and Carrow v. Carrow, 294 S.W.2d 595, 597 (Mo. App. 1956); an order reviving a judgment and lien after the judgment creditor obtained a writ of scire facias pursuant to prior Rule 74.36, Moore v. Luna, 626 S.W.2d 417, 418 (Mo. App. S.D. 1981); and a final judgment entered in a garnishment action, Household Fin. Corp. v. Seigel–Robert Plating Co., 483 S.W.2d 415, 417 (Mo. App. 1972). Helton Const. Co., Inc., 838 S.W.2d at 91–92 (Mo. App. S.D. 1992). A final judgment in a garnishment action includes an order sustaining a motion to quash the garnishment. Household Fin. Corp., 483 S.W.2d at 417; Division of Employment Sec. v. Cusumano, 785 S.W.2d 310, 312 (Mo. App. E.D. 1990).

As our state's Supreme Court has noted, "appeals are favored in the laws and statutes granting appeals are liberally construed." O'Malley v. Continental Life Ins. Co., 335 Mo. 1115, 75 S.W.2d 837, 839 (Mo. banc 1934). We find this appointment of a receiver after a post-judgment charging order was issued to collect on a default judgment procedurally constitutes a "special order after judgment" pursuant to Section 512.020(5) and is therefore appealable.

In deciding that the Kohns, in fact, properly appealed from the trial court's judgment, we turn to their Points Relied On. The Kohns raise four points on appeal. First, they allege the trial court erred when it entered the charging order because the application for the charging order was not legally sufficient in that it was based on affidavit testimony not within the personal knowledge of the affiant and misstated the amount of the judgment.

Second, the Kohns allege the trial court erred when it entered the charging order because there was no service under Rule 54 on the judgment debtors in that a charging order is an *in rem* action affecting an interest in property.

Third, the Kohns contend the trial court erred when it appointed a receiver over Jilila under Section 458.280 because the general partnership charging order statute does not apply in that Jilila is a limited partnership subject to the provisions of Section 359.421.

Fourth and finally, the Kohns allege the trial court erred when it appointed the

receiver over Jilila because the charging order's determination that the judgment debtors held a chargeable interest was not properly subject to estoppel in that Jilila was never presented a full and fair opportunity to litigate that issue prior to the receivership hearing.

## A. Standard of Review

■ This Court reviews the issuance of a charging order under the standard set forth by the Missouri Supreme Court in Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976). Regions Bank v. Alverne Assocs., LLC, 456 S.W.3d 52, 56 (Mo. App. E.D. 2014). This Court will affirm the trial court's entry of a charging order unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Id.

■ A charging order is a post-judgment remedy that allows the judgment creditor of an individual debtor-member of a limited liability company or a partnership to enforce a judgment by charging the individual member's distributional interest with the unsatisfied amount of a judgment. Regions Bank, 456 S.W.3d at 56. The charging order "requires the limited liability company to pay over to the person to which the charging order was issued any distribution that would otherwise be paid to the judgment debtor." Id. (citing 51 Am.Jur.2d Limited Liability Companies § 23). There are three Missouri statutes that authorize charging orders as a post-judgment remedy for judgment creditors of individual debtors who hold interests in LLCs or partnerships:

Section 347.119 of the Missouri Limited Liability Company Act [5] ("the Missouri LLC Act") authorizes a charging order to be entered against an individual debtor-member's interest in an LLC; Section 359.421 of the Uniform Limited Partnership Law [6] authorizes a charging order to be entered against an individual debtor-partner's interest in a partnership; and Section 358.280.1 of the Uniform Partnership Law [7] authorizes a charging order to be entered against an individual debtor-partner's interest in a partnership. Disalvo Props., LLC v. Bluff View Commercial, LLC, 464 S.W.3d 243, 246 (Mo. App. E.D. 2015).

■ The charging order procedure "is the exclusive remedy for a partner's individual creditor ... [and] the charging order on partnership interests has replaced levies of execution as a remedy for reaching such interests." Wills, 750 S.W.2d at 574 (internal citations omitted). This is because the purpose of the charging order is to "prohibit[ ] any attachment or execution of specific partnership property by a judgment creditor of an individual debtor-partner." Id. The charging order procedure therefore "protects the interests of the nondebtor partners by giving the judge wide latitude to control the creditor's actions against the partnership." Regions Bank, 456 S.W.3d at 59 (citing Christensen v. Oedekoven, 888 P.2d 228, 232 (Wyo. 1995)).

■ To obtain a charging order, the judgment creditor must file an "application to a court of competent jurisdiction." Section 347.119. Pursuant to Rule 55.26, "[a]n

---

5. See section 347.010 (providing that "[s]ections 347.010 to 347.187 shall be known and may be cited as the 'Missouri Limited Liability Company Act' ").

6. See Naylor Senior Citizens Housing, LP v. Side Const. Co., Inc., 423 S.W.3d 238, 243

(Mo. banc 2014) (referring to Chapter 359 as the "Uniform Limited Partnership Law").

7. See Section 358.010 (stating that Chapter 358 "may be cited as 'Uniform Partnership Law' ").

application to the court for an order shall be by motion which ... shall be in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Rule 55.26; see also Section 509.280. A motion is not self-proving, and the movant has the burden of proving the allegations contained therein. Regions Bank, 456 S.W.3d at 57 (citing Keith v. Burlington N.R. Co., 889 S.W.2d 911, 925 (Mo. App. S.D. 1994)). When an after-trial motion is based on facts not appearing in the record, a movant may submit proof of facts in the form of affidavits, depositions, and oral testimony. Rule 78.05; Regions Bank, 456 S.W.3d at 57. However, "exhibits attached to motions filed with the trial court are not evidence and are not self-proving." Id. (citing Ryan v. Raytown Dodge Co., 296 S.W.3d 471, 473 (Mo. App. W.D. 2009) (quoting Powell v. State Farm Mut. Aut. Ins. Co., 173 S.W.3d 685, 689 (Mo. App. W.D. 2005)).

Just as this Court found in Regions Bank, where the trial court entered the charging order based solely on the allegations contained in the Verified Application for Charging Order, it appears that the trial court here also entered the charging order based solely on the allegations contained in Respondent's Verified Motion for Charging Order. In Regions Bank, the applicant submitted a two-page application entitled, "Verified Application for Charging Order," attaching no affidavits, and holding no evidentiary hearing. Id. at 57 n.8. Similarly here, Respondent's Counsel made verified statements in the Motion for Charging Order, but attached no affidavits and presented no evidence in a hearing before the trial court. The Regions Bank court held:

Because the contents of the Application constituted the sole "evidence" supporting RBRE's request for a charging order, the Application must be properly verified. See Hinton v. Proctor & Schwartz, Inc., 99 S.W.3d 454, 458 (Mo. App. E.D. 2003). A verified pleading "sets forth evidentiary facts with the personal knowledge of the verifying signatory [and] is in substance an affidavit and is accorded the same probative force as [an] affidavit." [8] 3 Am.Jur.2d Affidavits § 8 (2014). "In the absence of an allegation of personal knowledge, the contents of an affidavit become inadmissible hearsay." Hinton, 99 S.W.3d at 459.

456 S.W.3d at 57, n.9.

Although the Regions Bank application purported to be "verified," the Court found it failed to allege that the facts it contained were asserted on the personal knowledge of the signatory. Id. at 57–58. Moreover, the signatory neither identified that he had personal knowledge of the facts pleaded in the application nor the source of the information he used to calculate the amount of the outstanding judgment. Id. at 58. Finding the application was not properly verified, the Court held that it was not considered "proof of the facts alleged." Id. at 58. Additionally, the exhibit attached to the application was insufficient support as it was in chart form stating the amount of the outstanding judgment and interest, and was not in the form of an affidavit, was never offered and admitted into evidence, and was not stipulated to but instead was challenged by the opposing party. Id. at 58. The Court further held that a review of the record revealed nothing (verified applications, affidavits, or testimony)

---

**8.** " 'Personal knowledge,' as requisite basis for affidavits, means something the witness actually saw or heard as distinguished from what he or she learned from some other person or source .... The affidavit must in some

way show that the affiant is personally familiar with the facts so that he or she could personally testify as a witness." 3 Am.Jur.2d Affidavits § 14.

from which the trial court could find sufficient facts to determine with any degree of certainty the amount of the outstanding judgment. Id. (citing Deutsch v. Wolff, 7 S.W.3d 460, 462 (Mo. App. E.D. 1999)).

▮ Likewise, here Respondent's Motion for Charging Order was verified by Respondent's Counsel, and was based upon either "pretrial discovery in this case, or discovery in other cases in which Michael Kohn or Catherine Kohn is a litigant, or by means of review of documents pertaining to the respective limited liability partnerships which discloses the Defendants' interest." Respondent's Counsel merely stated that the "probable" interest in the listed limited liability partnerships was disclosed in discovery.[9] Respondent's Counsel further asserted in his "Verified" Motion for Charging Order that he has personal knowledge of the facts set forth and is the custodian of records for Respondent and the records of the plaintiff in the action in connection with the judgment in this case. Personally maintaining the records of the company for the purposes of collection of the judgment in this matter, Respondent's Counsel stated in the motion that no payments had been received subsequent to June 24, 2009. Respondent's Counsel calculated interest based on the amount of the judgment multiplied by 9 percent per year, but did not specify his personal knowledge of an agreed upon interest rate or any other evidence as to how the rate of 9 percent was determined.

▮ Although this motion alleges that the facts it contained were asserted on personal knowledge gleaned from discovery, it is difficult to conclude that the facts stated in the Motion for Charging Order were based upon something that Respondent's Counsel actually saw or heard rather than something Respondent's Counsel learned from some other person or source, especially because the "verified" motion contains a statement that the listed limited liability partnerships were "probable" interests, and the interest rate appears without support.[10] Additionally, the application based on facts not in the record were the movant's burden to prove, which could have been done by submitting proof of facts in the form of affidavits, depositions, and oral testimony. Keith v. Burlington N.R. Co., 889 S.W.2d at 925; Rule 78.05. Merely referencing the documents, in addition to constituting hearsay not within an exception, violates the best evidence rule, which requires production of the documents themselves. Weber v. Knackstedt, 707 S.W.2d 800, 803 (Mo. App. E.D. 1986) ("The purpose of the best evidence rule, . . . is to secure the most reliable information available when the contents of a writing are in dispute.").[11] Be-

---

9. The verified motion stated:

> The probable interest of [the Kohns], jointly or severally, in each of the following limited liability partnerships was disclosed either during the course of pretrial discovery in this case, or discovery in other cases in which [the Kohns] is a litigant, or by means of review of documents pertaining to the respective limited liability partnerships which discloses the [Kohns'] interest:
> Brentmoor 1, LP;
> Funny Bone Holdings, LP:
> The Kohn Partnership, LLP;
> Jilila III, LP;
> Brentmoor Capital Partners, L.P.;

10. For a money judgment to be enforceable when it does not state on its face the amount for which it was rendered, that sum must be ascertainable from the record. Regions Bank, 456 S.W.3d at 58 n.10 (citing Am. W. Bonding Co. v. United Sur. Agents, Inc., 134 S.W.3d 700, 704 (Mo. App. S.D. 2004)).

11. The best evidence rule does not apply when a witness is simply testifying on the basis of personal knowledge to facts or events which exist independently but which also happen to be contained in a writing, recording, or electronic printout or depicted in a photograph. Smith Moore & Co. v. J.L. Mason Realty & Inv., Inc., 817 S.W.2d 530, 533–

cause this application for charging order was not properly based on personal knowledge, nor did it contain proof of the facts pleaded in the application, we find that the charging order was not valid and enforceable. Point I is granted. Without a valid charging order, the receivership cannot exist. Accordingly, we need not discuss the remaining points on appeal.

### III. Conclusion

Because the record contains insufficient evidence to support the charging order, we reverse and remand, with instructions that the trial court deny the Motion for Charging Order and appointment of a receiver.

Sherri B. Sullivan, P.J., concurs.

Colleen Dolan,, J., concurs.

34 (Mo. App. E.D. 1991) (best evidence rule did not preclude CEO from testifying to his firm's lost profits even though evidence of

those losses might also be contained in the firm's records).