**Gary Stuart BOND, Appellant,**

v.

**Linda Lou BOND, Respondent,**

**Bond Brothers Distributors, Inc.;
Stuart Bond and Andrew
Bond, Defendants.**

**No. WD 62541.**

Missouri Court of Appeals,
Western District.

March 22, 2005.

Application for Transfer to Supreme Court
Denied May 3, 2005.

Application for Transfer Denied
May 31, 2005.

Gail Berkowitz–Gifford, Kansas City, MO, for Respondent.

Michael W. Blanton, Lee's Summit, MO, for Appellant.

Before EDWIN H. SMITH, C.J., HOWARD and NEWTON, JJ.

VICTOR C. HOWARD, Judge.

Appellant Gary Stuart Bond ("Gary") appeals from the judgment dissolving his marriage to Respondent Linda Lou Bond ("Linda"). Gary and Linda were married on June 22, 1969, and have two grown children, Stuart and Andrew. During the course of their marriage the Bonds were involved in several vending machine businesses. One of those companies, Bond Brothers Distributors, Inc., (BBDI), was a major source of controversy during the dissolution proceedings, and the trial court's division of that property is the basis for Gary's claims of error in this appeal.[1]

Gary claims the trial court erred in designating BBDI as marital property and then awarding the company to him. Gary argues that BBDI cannot be marital property because neither he nor Linda is a shareholder of the corporation. Instead, Gary insists that Stuart and Andrew are the sole shareholders and owners of BBDI. Gary contends that BBDI must be removed from his property award, which unfairly leaves him with only 25.63% of the marital property requiring us to remand for a re-division of the marital property.

■ Much of the parties' arguments at trial and on appeal focus on the propriety of "piercing the corporate veil" of BBDI to establish the true ownership of the company. Missouri law recognizes, under certain circumstances, that the corporate veil may be pierced to hold the owners of a corporation responsible for a liability or injury to another. *66, Inc. v. Crestwood Commons Redevelopment Corp.*, 998 S.W.2d 32, 40 (Mo.banc 1999). However, it is not necessary to explore this area of

the law to resolve the issues raised in this appeal.

■ "In a marriage dissolution action, the trial court is expressly directed by the statute, Section 452.330[.]1, to divide the marital property." *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270, 274 (Mo.App. W.D. 1979), *disapproved on other grounds by Hoffmann v. Hoffmann*, 676 S.W.2d 817, 824–25 (Mo.banc 1984). Inherent in this legislative directive is the trial court's authority and duty to determine which marital property is owned by the parties. Sometimes, as in this case, the determination of ownership involves competing claims, lodged not just by the spouses, but also by third parties. Where third parties claim an interest in marital property:

> [J]oinder or intervention of third parties is permissible and necessary where such third parties hold or claim some interest in property involved in the proceedings. The rationale ... rests on the inability of the divorce court to make an equitable division of the property if all claims of interest owners are not simultaneously adjudicated and the consequent multiplicity of suits or circuity of actions if third parties are left subsequently to litigate their claims with the divorced spouses.

*Id.* (Citations omitted). Joinder of all the interested parties allows for finality of the judgment and alleviates any due process concerns when the judgment affects property subject to a claim of ownership by an outsider. We have also recognized that there is an exception to the rule that a court may not exercise control over corporate property in those situations where the corporation is a party to the action. *Comninellis v. Comninellis*, 99 S.W.3d 502, 512 (Mo.App. W.D.2003).

---

1. Gary argues two points on appeal. The two points are consolidated into a single argument for the purposes of this opinion.

In the instant case, Gary, Stuart, and Andrew claimed BBDI was not marital property but instead was owned by Stuart and Andrew, who were the sole shareholders of the company. Linda claimed BBDI was the marital property of Gary and herself. Stuart, Andrew, and BBDI were appropriately added as parties to the dissolution proceeding because of the ownership dispute. The parties litigated their claims, and the trial court decided that BBDI was the marital property of Gary and Linda. The trial court then awarded BBDI to Gary.

 We will sustain the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). "Deference is given to the trial court's determinations of credibility, and the evidence and permissible inferences therefrom are viewed in the light most favorable to the decree with all contrary evidence and inferences disregarded." *Morse v. Morse*, 80 S.W.3d 898, 903 (Mo.App. W.D. 2002). Viewed in this light, the evidence supported the trial court's determination that BBDI was the marital property of Gary and Linda.

 Gary incorporated BBDI in October 1992. Gary personally drafted the incorporation documents and was the registered agent. Stuart, Andrew, and Gary claim the stock was titled in the sons' names, each as 50% owners. At the time of BBDI's incorporation Stuart was a 20–year–old full-time student at the University of Kansas and Andrew was a 14–year–old ninth grader. Gary claims that he is merely an employee of the corporation performing a variety of tasks. Stuart claims to run the company as its president in consultation with Andrew, who is also an employee.

The trial court found that much of the testimony of Gary, Stuart, and Andrew lacked credibility. For example, the trial court found Andrew's claim that, at the age of fourteen, he and Stuart sat at the dining room table discussing how to improve "their business" to be "unbelievable." Gary's testimony that his bank account reflected deposits in excess of $100,000 in both 2000 and 2001, although he claimed only an "insignificant salary" from BBDI, "defies logic" according to the trial court. The trial court also found Stuart's assertion that he ran the company despite being unaware of a myriad of business details regarding BBDI to be "not credible." The trial court further found that Stuart was a "pawn" to "his father's various deceptions." The trial court concluded that BBDI was, "for all intents and purposes, [Gary's] lockbox, used to support the lavish life-style of the parties" and that "Stuart and Andrew were figureheads."

Throughout their marriage the Bonds have supported their family primarily from various vending machine businesses. Their first business, known as Commercial Candy Co., was acquired in 1979 with a partner whom they later bought out. In 1981, Gary and Linda purchased another vending operation that became known as All–Star Amusement (ASA). There is no dispute that ASA was the sole property of Gary and Linda. ASA ran into significant legal problems, and ultimately Gary pleaded guilty to failure to file sales tax returns. Gary understood that the plea agreement would prevent him from obtaining a sales tax license if he had any further tax problems. Gary did have further problems when he again failed to file sales tax returns.

Because Gary was unable to form a corporation in his own name due to these legal problems, he incorporated BBDI in the names of his sons, Stuart and Andrew.

BBDI was formed from the assets of ASA and for all intents and purposes the two companies were identical.

Throughout the years of BBDI's operation, Gary has continued to perform a substantial number of tasks including making management decisions. Despite claiming to be just a warehouse worker for BBDI making $1,500 a month, Gary deposited very large amounts of cash into his bank account from which he paid personal expenses. Over the years, Gary represented to third parties, including financial institutions, that he owned BBDI. Even Gary's own witness during the trial, John Mitchell, believed Gary was the owner of BBDI.

There is substantial evidence to support the trial court's determination that BBDI was the marital property of Gary and Linda and was subject to division in the dissolution action. In resolving this issue, it is not necessary to resort to the traditional body of law that allows piercing of the corporate veil "to hold the corporation's owners liable for its debt." *66, Inc.*, 998 S.W.2d at 40. Where all necessary parties are joined in the action, the dissolution court has the authority to set aside the corporate facade to establish the true ownership of the company. In the process, the dissolution court may disregard any subterfuge to determine the actual facts and accomplish its duty to determine and divide the marital property.

The trial court properly determined that BBDI was the marital property of Gary and Linda and did not err in awarding the property to Gary. The judgment is affirmed.

EDWIN H. SMITH, C.J., and NEWTON, JJ., concur.