Michael RYAN, Respondent,

v.

RAYTOWN DODGE COMPANY,
Appellant.

No. WD 70012.

Missouri Court of Appeals,
Western District.

June 2, 2009.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 28, 2009.

Michelle R. Stewart, for Appellant.

Mitchell L. Burgess, for Respondent.

Before Division One: JAMES E. WELSH, P.J., VICTOR C. HOWARD, Judge and ALOK AHUJA, Judge.

VICTOR C. HOWARD, Judge.

Raytown Dodge Company appeals the trial court's order denying its motion to stay proceedings and to compel arbitration in a civil action brought against it by Michael Ryan. The order is affirmed.

Mr. Ryan filed a class action petition against Raytown Dodge alleging that he purchased and/or financed from the dealership a 2006 Dodge Ram 1500 and that, separate from the agreed upon sale price of the truck, Raytown Dodge charged him a $99 "Doc Fee." Mr. Ryan further alleged that by charging the additional fee for the preparation of documents relating to the sale and financing of automobiles, Raytown Dodge engaged in the unauthorized practice of law under section 484.020, RSMo 2000, and violated the Merchandising Practices Act, section 407.010–407.130, RSMo Cum.Supp.2008. In his petition, Mr. Ryan referred to a Retail Installment Contract and a Retail Buyer's Order. He attached only the Retail Buyer's Order to the petition.

Raytown Dodge subsequently filed a Motion to Stay Proceedings and to Compel Arbitration and suggestions in support of the motion asserting that Mr. Ryan's claim fell within the scope of an arbitration agreement contained in a Retail Installment Contact between it and Mr. Ryan. Raytown Dodge referred to and attached to its motion a Retail Installment Contact. Raytown Dodge did not request a hearing or oral argument on its motion in its suggestions.

The trial court eventually denied Raytown Dodge's motion, and this appeal followed.

In its sole point on appeal, Raytown Dodge claims that the trial court erred in denying its Motion to Compel Arbitration because the Retail Installment Contract contained a valid and enforceable arbitration clause.

Arbitration is strictly a matter of contract; therefore, a party can be compelled to arbitrate a dispute only when it has agreed to arbitrate. *Greenwood v. Sherfield*, 895 S.W.2d 169, 174 (Mo.App. S.D.1995)(citing *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986)). "[A] party who has not agreed to arbitrate a dispute cannot be forced to do so." *AJM Packaging Corp. v. Crossland Constr. Co.*, 962 S.W.2d 906, 911 (Mo.App. S.D.1998). Whether a dispute is covered by an arbitration agreement is relegated to the courts as a question of law. *Dunn Indus. Group, Inc. v. City of Sugar Creek*, 112 S.W.3d 421, 428 (Mo. banc 2003).

In its Motion to Compel Arbitration and suggestions in support of the motion, Raytown Dodge alleged that Mr. Ryan's claim fell within the scope of an arbitration provision contained in a Retail

Installment Contract between the parties. Mr. Ryan referred to, but did not attach, a Retail Installment Contract to his petition. Raytown Dodge attached a Retail Installment Contract to its motion as Exhibit 1 and referenced it in its motion and suggestions. The exhibit, however, was not introduced into evidence nor was its authenticity established by the usual methods such as pleadings, affidavits, interrogatories, requests for admissions, or testimony. Local Rule 33.5 of the Sixteenth Judicial Circuit provides that a party filing any motion shall serve and file at the same time suggestions and any affidavits to be considered in support of the motion. " 'Exhibits attached to motions filed with the trial court are not evidence and are not self-proving.' " *Powell v. State Farm Mut. Auto. Ins. Co.,* 173 S.W.3d 685, 689 (Mo. App. W.D.2005)(quoting *Kulaga v. Kulaga,* 149 S.W.3d 570, 573 n. 6 (Mo.App. W.D. 2004)). *See also AJM,* 962 S.W.2d at 910. Similarly, an appellate court cannot accept counsels' statements as a substitute for record proof even if there is no reason to doubt their accuracy. *AJM,* 962 S.W.2d at 910. Local Rule 33.5.1 also provides that any party may request that a hearing or oral argument be conducted on the motion. "Any request for a hearing or oral argument shall be filed with the suggestions of the party requesting the same." Local Rule 33.5.1. Raytown Dodge did not request, in its suggestions, a hearing to present evidence on its motion, and none was held.

Raytown Dodge failed to establish that the Exhibit 1 was the parties' Retail Installment Contract and, thus, failed to prove that an arbitration agreement compelling participation in arbitration existed between the parties. *See AJM,* 962 S.W.2d at 910–11 (averment in suggestions asserting that exhibit attached to application to compel arbitration was an arbitration agreement between the parties failed to establish authenticity of the exhibit absent any pleadings, interrogatories, requests for admission, or testimony). *See also Powell,* 173 S.W.3d at 689–91 (where exhibits attached to motion to reduce jury's verdict awarding underinsured motorist benefits by amount of workers' compensation benefits paid to insured were not in the form of affidavits, were never introduced into evidence, and were not stipulated to but instead challenged by insured, the exhibits were not evidence and not self-proving); *Kulaga,* 149 S.W.3d at 573–74 (where father attached to his motion for sanctions for mother's failure to appear an exhibit reflecting various expenses incurred by him but never introduced the exhibit into evidence, the exhibit was not evidence and not self-proving). The trial court did not, therefore, err in denying Raytown Dodge's Motion to Compel Arbitration.

The order is affirmed.

All concur.