**Marcella C. MACK, Petitioner–Respondent,**

v.

**David Ray MACK, Respondent–Respondent,**

**Mack Racing, Inc., Intervenor–Appellant.**

**No. SD 30774.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 27, 2011.

Kelvin W. Birk, Birk Law Firm, LC, Cape Girardeau, MO, for Appellant.

Mary L.D. Griffith, Mary Griffith Law Office, LLC, Sikeston, MO, for Respondent.

GARY W. LYNCH, Judge.

Mack Racing, Inc. ("Corporation"), appeals the trial court's denial of Corporation's motion to intervene in the dissolution proceeding between Marcella C. Mack ("Wife") and David Ray Mack ("Husband"). Corporation argues it was entitled to intervene as of right under Rule 52.12(a)(2) because Corporation claims an interest in property that is subject to the underlying dissolution action.[1] Finding that Corporation failed to sustain its burden of proving such an interest, we affirm.

### Factual and Procedural Background

Husband and Wife were married on September 29, 1973. During the course of the marriage, Husband and Wife had three children, including David Joey Mack ("Son"), who was 32 years old and emancipated at the time the parties filed for dissolution. Son filed an unverified Motion to Intervene as Petitioner, alleging that he was entitled to intervention as of right under Rule 52.12(a)(2). In that motion, Son alleged that he had a one-third interest in Corporation, which was an asset Husband and Wife sought to divide in their dissolution proceeding, that Son had been almost entirely funding Corporation, and that Husband and Wife would unfairly benefit from tax deductions if the property was awarded to them. Son attached to his motion to intervene several exhibits describing Corporation's assets. These documents were not affidavits and were not verified in any manner.

According to the docket sheet, a hearing was held at which Husband, Wife, and Son each appeared with counsel. If a record was made of this hearing, Corporation has not filed a transcript of it in the record on appeal in this court. The docket sheet indicates that the trial court allowed Son to amend his motion to intervene to name Corporation as applicant. The amended motion was in all other material respects identical to the original motion to intervene. The trial court denied the amended motion. This appeal timely followed.

### Standard of Review

When reviewing the denial of a motion to intervene under Rule 52.12, courts apply the standard set out in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *Estate of Langhorn v. Laws,* 905 S.W.2d 908, 910 (Mo.App.1995). That is, the trial court's decision "must be affirmed unless it is against the weight of the evidence, it is unsupported by sufficient evidence, or it either misinterprets the law or misapplies the law." *Moxness v. Hart,* 131 S.W.3d 441, 444 (Mo.App.2004).

### Discussion

On appeal, Corporation argues that the trial court erred in denying its motion

1. References to rules are to Missouri Court Rules (2011), unless otherwise indicated.

to intervene because its assets are subject to the property division in the dissolution action between Husband and Wife.[2] We do not reach this argument, however, because the record on appeal fails to disclose what evidence, if any, was before the trial court to prove Corporation's motion in the first instance.

■ Rule 52.12(a)(2) provides that one of the circumstances in which a third party may intervene of right in an action is

when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

In a motion under this rule, as with other civil motions, the burden is on the moving party to prove all the elements required for relief. *Estate of Langhorn*, 905 S.W.2d at 910. Furthermore, it is well-settled that "[a] motion does not prove itself[.]" *Taylor v. Coe*, 675 S.W.2d 148, 150 (Mo. App.1984). *See also Ryan v. Raytown Dodge Co.*, 296 S.W.3d 471, 473 (Mo.App. 2009); *Keith v. Burlington N. R.R. Co.*, 889 S.W.2d 911, 925 (Mo.App.1994); *Dallas–Johnson Props., Inc. v. Hubbard*, 823 S.W.2d 5, 6 (Mo.App.1991). That is, "[s]tanding alone, the self-serving statements of the party seeking intervention are not sufficient to satisfy Rule

52.12(a)(2)." *Estate of Langhorn*, 905 S.W.2d at 911.

■ Production of proof supporting motions in civil cases in the trial court is governed by Rule 55.28. *See Senn v. Manchester Bank of St. Louis*, 583 S.W.2d 119, 134 (Mo. banc 1979). That rule provides that "[w]hen a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions." Rule 55.28. Under this rule, "[e]xhibits attached to motions filed with the trial court are not evidence[.]" *Ryan*, 296 S.W.3d at 473. Moreover, "an appellate court cannot accept counsels' statements as a substitute for record proof even if there is no reason to doubt their accuracy." *Id.* Thus, where a party does not verify its motion or support it with affidavits or testimony, a trial court does not err in denying the motion. *Ryan*, 296 S.W.3d at 473.

■ Similarly, on the appellate level, Rule 81.12 specifies the record which must be provided by an appellant on appeal and imposes upon an appellant the duty to file the transcript and prepare a legal file so that the record contains all evidence necessary to make determinations on the issues raised. It is the duty of an appellant to furnish a transcript containing a record of proceedings which he desires to have reviewed. In the absence of such record

***

2. Husband responds that the appeal should be dismissed because Corporation failed to prove that it was entitled to intervention as of right. Since there was no right to intervene, Husband's argument continues, the motion in the trial court should be considered to have been a motion for permissive intervention, the denial of which is not appealable. However, the Motion to Intervene cited Rule 52.12(a)(2) and did not allege any alternative basis for relief so the trial court was not presented with the issue of whether permissive intervention was appropriate. As the denial of a motion to intervene as of right is an appealable order, *Baldwin v. Baldwin*, 174 S.W.3d 685, 687 (Mo.App.2005), we reject Husband's argument that the appeal should be dismissed.

there is nothing for the appellate court to decide.

*Cantwell v. Cantwell,* 315 S.W.3d 384, 386 (Mo.App.2010) (internal citations and quotations omitted).

Here, the record on appeal filed by Corporation does not provide any proof presented to the trial court supporting its motion to intervene. The motion itself was not verified. None of the attached exhibits were in the form of an affidavit. Finally, Corporation either did not request an evidentiary hearing or, if such a hearing was held, it failed to file a transcript of it in this court. Likewise, nothing in the record supports that the trial court in any manner otherwise denied Corporation the opportunity to prove its claim. In short, there is no evidence in the record on appeal to support the conclusion that Corporation claims an interest relating to the property that is the subject of the dissolution action or that Corporation is so situated that the disposition of the dissolution action may as a practical matter impair or impede Corporation's ability to protect that interest. *See* Rule 52.12(a).

This lack of record support also serves to distinguish this case from *Bond v. Bond,* 161 S.W.3d 859 (Mo.App.2005), upon which Corporation relies. In *Bond,* the parties introduced evidence regarding their interests and participation in the running of the corporation, and the trial court permitted the corporation to join in the dissolution action. 161 S.W.3d at 860–61. Here, the record on appeal does not support that any such evidence was adduced in the trial court. *Bond* is not applicable.

Because the record on appeal provided by Corporation shows no evidentiary basis upon which the trial court could have sustained its motion to intervene under Rule 52.12(a)(2), we cannot say the trial court erred in denying it. Point denied.

### Conclusion

The trial court's judgment denying Corporation's motion to intervene is affirmed.

BURRELL, P.J., and RAHMEYER, J., concur.