

# Missouri Court of Appeals

## Southern District

### Division Two

TXR, LLC,                                      )
                                               )
    Plaintiff-Respondent,      )
                                               )
vs.                                            )   No. SD33036
                                               )
WILLIAM E. "WES" STRICKER and                  )   Filed June 27, 2014
PAMELA H. "PAM" STRICKER,                       )
                                               )
    Defendants-Appellants.     )

### ON MOTION FOR REHEARING OR TRANSFER

PER CURIAM. In their motion for rehearing or transfer, the Strickers take issue with footnote 5 in the opinion. They assert that "[a] careful reading of the Legal file would have noted that . . . the trial judge's prior opinion in the prior case" was before the trial court here because it was attached "as an exhibit within the motion to compel arbitration." While our careful reading of the legal file in drafting the opinion made us well aware that this exhibit was attached to the Strickers' motion, we were also cognizant of the law that "'[e]xhibits attached to motions filed with the trial court are not evidence and are not self-proving.'" ***Ryan v. Raytown Dodge Co.***, 296 S.W.3d 471, 473 (Mo.App. 2009) (quoting ***Powell v. State Farm Mut. Auto. Ins. Co.***, 173 S.W.3d 685, 689 (Mo.App. 2005)).

The Strickers also assert:  "Because [the opinion] never addresses it or discusses it, Appellant presumes this Court overlooked the Appellant's argument with respect to the doctrine of *Contra Proferentem*."  They argue that "the ambiguous language in the agreement must be construed against [TXR]."  A cursory reading of the opinion, however, reveals that our finding of no ambiguity precludes the consideration or application of this doctrine.

The Strickers' motion for rehearing or transfer is denied.