VICTOR C. HOWARD, JUDGE
Ford Motor Credit Company, LLC appeals the judgment of the Jackson County Circuit Court denying its motion to compel arbitration and stay proceedings. It presents six points on appeal. In the first three points, Ford Motor Credit claims the trial court erred in finding the parties' arbitration agreement unconscionable and unenforceable. In its last three points, Ford Motor Credit claims the trial court erred in waiving its right to seek arbitration. The judgment is reversed, and the case is remanded.
Facts
In March 2013, Tony Jones and Rebecca Wilson jointly executed a Kansas Vehicle Retail Installment Contract and Security Agreement ("Retail Installment Contract") with Bob Allen Ford to document their purchase and financing of a 2013 Ford Focus. The Retail Installment Contract is a two page document. The following appears in all capital letters toward the bottom of the first page:
YOU ACKNOWLEDGE THAT YOU HAVE READ AND AGREE TO BE BOUND BY THE ARBITRATION PROVISION ON THE REVERSE SIDE OF THIS CONTRACT.
The following appears in its own box at the bottom of the second page of the Retail Installment Contract:
READ THIS ARBITRATION PROVISION CAREFULLY AND IN ITS ENTIRETY
*17 ARBITRATION
Arbitration is a method of resolving any claim, dispute, or controversy (collectively, a "Claim") without filing a lawsuit in court. Either you or Creditor ("us" or "we") (each, a "Party") may chose at any time, including after a lawsuit is filed, to have any Claim related to this contract decided by arbitration. Neither party waives the right to arbitrate by first filing suit in a court. Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory or otherwise; 2) Claims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue; 3) Claims between you and us, your/our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with this parties who do not sign this contract.
RIGHTS YOU AND WE AGREE TO GIVE UP
If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:
• RIGHT TO A TRIAL, WHETHER BY A JUDGE OR JURY
• RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM YOU MAY HAVE AGAINST US WHETHER IN COURT OR ARBITRATION
• BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT
• RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR
• OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT
Rights You and We Do Not Give Up: If a Claim is arbitrated, you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) Right to enforce the security interest in the vehicle, whether by repossession or through a court; 3) Right to take legal action to enforce the arbitrator's decision; 4) Right to request that a court review whether the arbitrator exceeded its authority; and 5) Right to seek remedies in small claims court for disputes or claims within that court's jurisdiction.
You may choose the American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100, Voorhees, NJ 08043 (www.adr.org), or any other organization subject to our approval, to conduct the arbitration. The applicable rules (the "Rules") may be obtained from the selected organization. If there is a conflict between the Rules and this contract, this contract shall govern. This contract is subject to the Federal Arbitration Act ( 9 U.S.C. § 1 et seq. ). The arbitration decision shall be in writing with a supporting opinion. Judgment upon the award rendered by the arbitrator may be enforced in any court having jurisdiction. If the total of your filing, administration, service, or case management fee and arbitrator or hearing fee exceeds $125, we will advance the amount in excess of $125 up to a maximum of $2,500, which may be reimbursed by decision of the arbitrator at the arbitrator's discretion. Each party shall be responsible for its own attorney, expert and other fees, unless awarded by the arbitrator under applicable law. Any portion of this arbitration provision that is unenforceable shall be severed, and the remaining provisions shall be enforced. Except, however, if a waiver of *18 class action rights is deemed or found to be unenforceable for any reason in a case in which class action allegations have been made, the remainder of this arbitration provision shall be unenforceable. Notwithstanding any other provision of this arbitration provision, the validity and scope of the waiver of class action rights shall be decided by the court and not by the arbitrator.
At the bottom of the first page, the Retail Installment Contract was assigned to Ford Motor Credit Company (Ford Motor Credit).
In August 2015, Ford Motor Credit filed a Petition in Cass County, Missouri for breach of contract. The Petition sought recovery of a deficiency due following Jones and Wilson's failure to make payments to Ford Motor Credit as required by the contract and Ford Motor Credit's subsequent repossession and sale of the vehicle. Ford Motor Credit sought a deficiency balance of $8290.90, plus interest from the date of the judgment, reasonable attorney fees, and costs as provided in the Retail Installment Contract.
In October 2015, a default judgment was entered against both Jones and Wilson in the Cass County case. Pursuant to Jones's Motion to Set Aside Default Judgment, and by an Agreed Order entered in September 2016, the judgment was set aside as to Jones only.[1] Jones then filed a Motion and Order for Change of Venue of the Cass County case to Jackson County, Missouri. That motion was granted in December 2016.
On or about December 19, 2016, Jones filed an Answer to Plaintiff's Petition, Affirmative Defenses, and putative class action Counterclaim against Ford Motor Credit. Jones's Counterclaim sought class certification and alleged, inter alia, that Ford Motor Credit failed to provide sufficient pre-sale and post-sale notices required by the UCC relating to the repossession and sale of the vehicle, entitling Jones (and putative class members) to damages. Jones also sought punitive damages and attorney's fees.
Ford Motor Credit filed a Motion to Compel Arbitration and Stay Proceedings on or about February 21, 2017. The motion came before the trial court for a hearing on April 11, 2017. The trial court denied Ford Motor Credit's motion in a judgment dated May 22, 2017. First, it concluded the arbitration agreement unconscionable and unenforceable. The trial court found: (i) Ford Motor Credit had a superior bargaining position; (ii) the arbitration agreement was difficult to understand; and (iii) the arbitration agreement was one-sided. Second, the trial court concluded Ford Motor Credit waived its right to arbitrate. It found: (i) Ford Motor Credit knew of the right to arbitrate; (ii) Ford Motor Credit acted inconsistently with its right to arbitrate; and (iii) Jones was prejudiced by Ford Motor Credit's actions.
This appeal follows.
Standard of Review
"The judgment of the trial court will be affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." Bertocci v. Thoroughbred Ford, Inc. , 530 S.W.3d 543, 550 (Mo. App. W.D. 2017). "Whether the trial court should have granted a motion to compel arbitration is a question of law that is reviewed de novo. " Id. "However, issues relating to the existence of an arbitration agreement are factual and require our deference to the trial court's findings."
*19 Katz v. Anheuser-Busch, Inc., 347 S.W.3d 533, 539 (Mo. App. E.D. 2011).
Analysis
Ford Motor Credit's first three points pertain to the trial court's finding that the arbitration agreement was unconscionable. It argues the trial court erred because: (1) the arbitrator is the one who decides whether the arbitration agreement is unconscionable; (2) mutuality is not required under state law or the FAA; and (3) the finding of unconscionability is not supported by substantial evidence.
Ford Motor Credit's last three points pertain to the trial court's finding that it waived the arbitration agreement. It argues that the trial court erred because: (1) the arbitrator is the one who decides if arbitration has been waived; (2) the FAA preempts state law with respect to prejudice as it relates to class actions; and (3) the FAA preempts state law with respect to prejudice as it relates to the petition to collect a deficiency.
For ease of discussion, these arguments as well as Jones's assertions in his Respondent's Brief are taken out of order.
Existence of a Valid and Enforceable Arbitration Agreement
Ford Motor Credit attached a copy of the Retail Installment Contract to its petition. That contract was between the dealership and Jones and Wilson. An assignment from the dealership to Ford Motor Credit appears at the bottom of the contract. Ford Motor Credit included with the petition an affidavit signed by Lorrie Rowe, an employee of Ford Motor Credit. The affidavit averred that the attached contract was a true and complete copy of the contract between the parties. Ford Motor Credit attached the same contract to its Motion to Compel. Ford Motor Credit subsequently filed an affidavit from Todd Kolchinsky, an employee of Ford Motor Credit. That affidavit averred that the attached contract was an "authentic duplicate of the retail installment contract maintained by Ford Motor Credit and associated with Defendant Tony L. Jones. Jr.'s account number (the last four digits of which are 0085)."
Jones argued before the trial court and now argues on appeal that the contract was not properly before the trial court. Jones relies on Ryan v. Raytown Dodge Co. , 296 S.W.3d 471, 472-73 (Mo. App. W.D. 2009). In Ryan , the plaintiff did not attach the contract to his petition. Id. at 472. The defendant attached the contract to the motion to compel arbitration but did not include an affidavit. Id. The defendant did not request a hearing or oral argument on its motion. Id. The Ryan court noted that the contract "was not introduced into evidence nor was its authenticity established by the usual methods such as pleadings, affidavits, interrogatories, requests for admissions, or testimony." Id. at 473. The Ryan court found that the defendant "failed to establish that the Exhibit 1 was the parties' Retail Installment Contract and, thus, failed to prove that an arbitration agreement compelling participation in arbitration existed between the parties." Id. Jones claims the same is true in this case.
The issue of whether the Retail Installment Contract was properly before the court was extensively argued. Ford Motor Credit filed a motion to compel. Jones filed a response, raising this issue along with several others. Ford Motor Credit filed a Reply. Jones filed a Sur-Reply. A hearing was held. Ford Motor Credit, with the trial court's permission, filed a Post-Hearing Brief. In the Post-Hearing Brief, Ford Motor Credit stated the following:
At the hearing, Jones admitted that the only contract at issue in this case is the *20 contract attached to the petition and the motion to compel. ... Jones has not filed his own affidavit or offered any testimony to dispute that the contract at issue containing the arbitration provision is the very same contract at issue in Ford Credit's petition.
With respect to this argument, the trial court found the following in its judgment:
As an initial matter, the Defendant argues that Plaintiff has failed to prove the existence of any arbitration agreement at all. The Court finds this argument to be without merit. The assignment language in Plaintiff's Exhibit 1, and the Affidavit of Todd Kolchinsky attached to that exhibit, prove that an arbitration agreement existed between the parties. It is clear to this Court that the only contract at issue in the Petition, Counterclaim, and Motion to Compel Arbitration is the Retail Installment Contract found in Plaintiff's Exhibit 1. Defendant's own factual allegations state that, "Jones signed a consumer credit contract for the purchase of a motor vehicle." Defendant's Counterclaim, ¶ 11. This contract included an arbitration clause. See Plaintiff's Ex. 1. The Retail Installment Contract expressly stated that it was assigned to Plaintiff Ford Motor, and as the result of this assignment, the Court finds that an arbitration agreement existed between Plaintiff Ford Motor and Defendant Tony Jones. See Plaintiff's Ex. A, bottom of Page 1, Assignment.
Jones focuses on an argument that the affidavit attached to the contract with the Motion to Compel does not meet the requirements of the business records hearsay exception. Jones concludes the affidavit is insufficient to bring the contract properly before the trial court. Jones cites CACH, LLC v. Askew , 358 S.W.3d 58, 63 (Mo. banc 2012) for the proposition that the affidavit from Ford Motor Credit cannot qualify for the business records exception because the dealership, and not Ford Motor Credit, is the business that created the document.
We find Jones's argument to be misplaced. The Ryan court found that the contract's authenticity was not established by "the usual methods" including pleadings or a hearing on the matter. Ryan , 296 S.W.3d at 472-73. In contrast, Ford Motor Credit attached the contract to its petition (a pleading) and the trial court held a hearing in this case.
Additionally, Ryan does not stand for the proposition that the contract needed an affidavit that qualified for the business records hearsay exception. Pursuant to Rule 55.28:
When a motion is based on facts not appearing of record the court may hear the matter on affidavits presented by the respective parties, but the court may direct that the matter be heard wholly or partly on oral testimony or depositions.
"[T]he rule allowing consideration of affidavits in this context does not explain what such affidavits must show, so courts look to the provisions of Rule 74.04(e) for guidance." Gemini Capital Grp., LLC v. Tripp , 445 S.W.3d 583, 588 (Mo. App. S.D. 2013). Pursuant to Rule 74.04(e):
Form of Affidavit. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.
In this case, the contract states that it is assigned to Ford Motor Credit. The contract *21 bears the signature of Tony Jones. The affidavit states that the attached contract is maintained by Ford Motor Credit and is associated with Tony Jones's account number. Jones states in his counterclaim that he "signed a consumer credit contract for the purchase of a motor vehicle." Moreover, the trial court held a hearing and then made a factual finding that the attached contract was the contract at issue. This court defers to those factual findings. See Greene v. All. Auto., Inc. , 435 S.W.3d 646, 648-49 (Mo. App. W.D. 2014) (finding that even when the case is submitted solely on documentary evidence, the trial court is the finder of fact and appellate courts defer to those findings.)
Jones's argument that the arbitration agreement was not properly before the trial court is without merit.
Ford Motor Credit's Judgment against Wilson
In this case, a default judgment was entered against Jones and Wilson. Pursuant to Rule 74.05(d), Jones filed a motion to set aside the default judgment. In his motion, he claimed he did not live at the address where service purportedly occurred and thus was never served. The trial court granted the motion as to Jones only (not as to Wilson):
NOW on this day, the court having before it Plaintiffs Agreed Motion to Set Aside Judgment and for good cause shown, the Court finds that the same should be sustained. IT IS HEREBY ORDERED that the judgment entered on October 20, 2015 against Tony L. Jones a/k/a Toney L Jones Jr a/k/a Tony James only be set aside and the Plaintiffs' case be set for hearing on December 6, 2016 at 9:00 am.
The default judgment remains in effect against Wilson.
Jones now complains that the default judgment against Wilson shows Ford Motor Credit's unwillingness to arbitrate all claims involved. This is basically an argument that Ford Motor Credit waived the right to arbitration by obtaining a default judgment against Wilson. That argument is considered in the next section.
Second, Jones argues that the judgment against Wilson is not final. He complains that "a judgment for or against Jones would, as a practical matter, resolve the claims for and against Jones's co-borrower and vice versa." His argument misunderstands the nature of default judgments in the context of pending litigation.
"A default judgment cannot, itself, be appealed." Hagan v. Buchanan , 215 S.W.3d 252, 255 (Mo. App. W.D. 2007). Pursuant to Rule 74.05(d), Wilson would have had one year from the date the default judgment was entered to move to have the judgment set aside. See id. The one year timeframe runs even if claims against other parties in the same action are still pending. Id. ("We therefore hold that when a motion to set aside a default judgment is made more than one year after the default judgment was filed, denominated 'judgment,' and signed by the judge, the motion is untimely even if the judgment is not yet 'final' for all other purposes.).
Accordingly, Wilson is unable to have her default judgment set aside regardless of the disposition of the claims against Jones. This could potentially result in different judgments against Wilson and Jones, but Jones does not cite and this court does not find any authority for the proposition that different results would be error. This is true beyond the context of arbitration. For example, Ford Motor Credit could chose to dismiss its action against Jones and find relief solely from its default judgment against Wilson.
*22 Points I and IV: Who decides if the arbitration agreement is unconscionable or has been waived?
In Points I and IV, Ford Motor Credit argues that the Court improperly decided that the arbitration agreement was unconscionable and that Ford Motor Credit waived the agreement because those issues are to be decided by an arbitrator. The trial court rejected this argument in its judgment, finding in relevant part:
Ford Motor's strongest responsive argument is that the Court should not be deciding the issue of unconscionability, or waiver below, because the arbitration agreement delegates to the arbitrator "[c]laims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue."
...
Ford Motor's delegation clause in this Retail Installment Contract did not expressly cover formation.
...
Here, Jones raises a contract formation challenge subject to judicial resolution, which is his assertion that unconscionability permeated throughout the entire transaction such that a contract did not form.
...
Finally, even if the delegation clause covered Jones' claims, the delegation clause itself is also unconscionable, and therefore, unenforceable, because it is buried within the unconscionable Retail Installment Contract.
A presumption exists that any silence or ambiguity concerning the scope of arbitrability should be resolved in favor of arbitration. State ex rel. Pinkerton v. Fahnestock , 531 S.W.3d 36, 43 (Mo. banc 2017) (citing Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc. , 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985) ). "This presumption of arbitrability, however, is reversed when considering whether a court or an arbitrator should decide threshold questions of arbitrability." Id. (citing First Options of Chi., Inc. v. Kaplan , 514 U.S. 938, 944-45, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995) ). "Disputes about arbitrability include those 'questions such as whether the parties are bound by a given arbitration clause, or whether an arbitration clause in a concededly binding contract applies to a particular type of controversy.' " Id. (quoting BG Grp. PLC v. Republic of Arg. , 572 U.S. 25, 134 S.Ct. 1198, 1206, 188 L.Ed.2d 220 (2014) ). "Disputes over the formation of the parties' arbitration agreement and its enforceability or applicability to the dispute at issue have been considered threshold issues of arbitrability." Id. If the agreement is silent or ambiguous, courts should not find that the parties agreed to delegate threshold questions of arbitrability absent clear and unmistakable evidence of such an intent. Id.
"[B]oth issues of formation and enforceability of arbitration clauses can be delegated to an arbitrator" if the delegation clause so provides. Id. at 49. In Baker v. Bristol Care, Inc. , 450 S.W.3d 770, 774 (Mo. banc 2014), the Missouri Supreme Court held a delegation provision that provided the "arbitrator [would] resolve disputes 'relating to the applicability or enforceability' of the agreement" did not delegate issues of contract formation to the arbitrator. " Baker , however, does not state that issues related to contract formation can never be delegated to an arbitrator but only that the delegation provision at issue in Baker was limited to issues of 'applicability' or 'enforceability.' " Pinkerton , 531 S.W.3d at 50. The delegation provision in Pinkerton was broader than the provision in Baker . Id. It delegated *23 to the arbitrator "the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." Id. The Missouri Supreme Court held that the "arbitration agreement clearly and unmistakably evidences the parties' intent to delegate threshold issues of arbitrability to the arbitrator." Id. at 53.
The arbitration clause at issue in Pinkerton stated that the arbitrator had the power to "rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." Id. at 50 (emphasis added). The arbitration in Jones contract provides the arbitrator has the power to decide "[c]laims regarding the interpretation, scope, or validity of this provision, or arbitrability of any issue." (emphasis added) As in Pinkerton , this is much broader than "applicability" or "enforceability."
Unconscionability
The trial court in this case focused on unconscionability as a formation issue and found that the parties did not agree to delegate formation issues. Unconscionability is an issue that pertains to "a contract's validity and enforceability." Id. at 49. It is a "mischaracterization" to identify "the issue of unconscionability as a formation issue rather than [an] enforceability [issue]." Id. As in Pinkerton , claims of unconscionability in this case have been delegated to the arbitrator.
The trial court also found the delegation clause itself unconscionable. "[A] delegation provision is an additional, severable agreement to arbitrate threshold issues that is valid and enforceable unless a specific challenge is levied against the delegation provision" specifically as opposed to against the contract as a whole. Id. at 50. An example of a specific challenge against a delegation provision is seen in Pinkerton where the plaintiff claimed it is unconscionable to let an arbitrator decide arbitrability because the arbitrator has a direct financial interest in the outcome. Id. at 51. Examples of challenges against the contract or arbitration agreement as a whole (as opposed to against the delegation clause specifically) are also seen in Pinkerton . These include that the agreement's terms are incomprehensible, the print of the agreement was so small as to be unreadable, and that the agreement is a model of unconscionability. Id.
Jones argues on appeal that the delegation clause is unconscionable or unenforceable because it contains anti-waiver language and because it reserves the right to self-help repossession without review by a court or arbitrator. He says this unconscionability "permeated the entire transaction." He says the delegation clause is "buried within the consumer contract" and "couldn't be negotiated." Jones's complaints about the delegation provision itself fall into the category of complaints about the arbitration agreement as a whole.
Waiver
Jones argues that Ford Motor Credit waived the delegation clause by not analyzing or discussing it in its initial Motion to Compel. This argument is without merit. In its suggestions in support of its motion to compel, Ford Motor Credit stated:
The arbitration agreement also delegates to the arbitrator "the interpretation, scope, or validity" of the provision and the "arbitrability of any issue," including the claims of both Plaintiff and Defendant Jones. Such delegations are lawful and enforceable.
*24 Rent-A-Center, West, Inc. v. Jackson, 561 U.S. 63, 69-70, 130 S.Ct. 2772, 177 L.Ed.2d 403 (2010) ; First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 943, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995).
The trial court was aware of Ford Motor Credit's claim that the arbitrator should decide the issue of unconscionability and waiver. The trial court found, in fact, that the delegation clause argument was Ford Motor Credit's "strongest responsive argument."
Jones next argues that determining whether Ford Motor Credit waived arbitration by pursuing litigation is not encompassed by the delegation provision and was properly determined by the trial court. "[T]he presumption is that the arbitrator should decide allegation[s] of waiver, delay, or a like defense to arbitrability." Howsam v. Dean Witter Reynolds, Inc. , 537 U.S. 79, 84, 123 S.Ct. 588, 592, 154 L.Ed. 2d 491 (2002) (internal quotation omitted). More than application of a presumption, however, the delegation provision in the contract in this case explicitly provides that the arbitrator determines issues of arbitrability. The presence of this delegation provision distinguishes the cases Jones cites in his brief.
Jones further claims Ford Motor Credit waived the delegation clause by pursuing self-help repossession and attempting to garnish Jones's wages. These actions are permitted by the terms of the arbitration agreement. Jones is essentially arguing that the terms allowing Ford Motor Credit to do so without waiving the arbitration provision renders the arbitration provision unconscionable. As discussed above, the contract delegates this issue to the arbitrator.
The points are granted.
Conclusion
Given the disposition of Points I and IV, this court need not address Points II, III, V, or VI. The judgment is reversed, and the case is remanded with instructions to stay the proceedings and grant the motion to compel arbitration.
All concur.

The judgment against Wilson remains in effect.